448 P.2d 915

Sylvia HILL and Ann Rasmussen, the Co-Executors of the Estate of Lila Shand Anderson, Deceased, and Sylvia Hill and Ann Rasmussen, individually, Plaintiffs and Appellants,

v.

SAFECO INSURANCE COMPANY, Defendant,

Carolyn A. Jensen, Administratrix of the Estate of A. Paul Anderson, also known as Archie Paul Anderson, Deceased, Intervenor and Respondent.

No. 11268.

Supreme Court of Utah.

Jan. 3, 1969.

Don V. Tibbs, of Tibbs & Tervort, Manti, for plaintiffs and appellants.

Ken Chamberlain, of Olsen & Chamberlain, Richfield, for intervenor and respondent.

· HENRIOD, Justice:

Appeal from a judgment by the trial court holding that the heirs of one Paul Anderson were entitled to the proceeds of a fire insurance policy which he took out, covering a home and its contents. Affirmed. No costs awarded.

, For years Paul had an interest in and had insurance on a home, was named insured therein, paid the premiums thereon, taxes on the premises, light and other bills incident to possession and use thereof. He put his title to the property in his wives' names, although he apparently had been, at the least, the producer and original, real and recorded owner thereof prior to his marriages. On the death of his first wife, Adelia, in whose name he reposed title, he again became record owner. Not long thereafter he married another, Lila, who was a woman of some means, and did considerable refurbishing of the home out of her separate estate. In the meantime Paul placed the title in Lila's name, but kept the insurance in his own name, paying the premiums as he was wont to do for years, together with taxes on the premises, etc., as mentioned above. After he deeded the property to Lila, she made a will disinheriting her newly acquired husband, except for a life estate, apparently esconcing her doings in favor of her own children by a previous marriage, and disinheriting Paul's children by a previous marriage.

He and his second wife, Lila, died in a common disaster,[1]—the fire that consumed Paul, Lila, the home and its contents. It

---

1. As to survivorship in such event see Title 74–5–1, Utah Code Ann.1953, if statute should be pertinent in a given case.

**98**

is conceded that Paul had personal property in the home valued at some $7,000; that he deeded the property he owned successively to his wives which property was worth $17,000; that he had a life estate therein established by a will executed by Lila, a right of occupancy of the premises and a few other little unmentionable incorporeal hereditaments.

 We believe and hold that under the circumstances, Paul's heirs were entitled to the proceeds of the policy unfettered by any trust. One need but refer to Couch on Insurance, 2d, Sec. 24.13 (Anderson 1960[2]), to support our conclusion.

Appellants argue that to allow Paul to receive the proceeds of the policy had Lila predeceased him, or his heirs to have the benefit of the policy under the circumstances here, would be an *unjust enrichment* to him or his heirs, seems anathema to the only equitable conclusion that Lila and her heirs would be the inequitable beneficiaries of his taking out the policy, paying for it, having a number of vital interests therein,—not exactly minuscule,—after having produced the property many years before, having lived on it many years before, protected it against the inevitable taxes or death,—albeit he had a bent on putting his homestead in the name of whomever he chose to lead to the alter. There are those in the world that may dispose of their titles, but an insurable interest in property,—in the legalized gambling sense of insurance,—is protectible by the law until it also has been hypothecated.

There are some poignant questions that suggest themselves in this case: Had Paul failed to insure, and predeceased Lila, would she and her heirs have a cause of action against his estate because he failed to insure the hearth before he sought his Maker?; Would his negligence in this respect be attributed to his heirs?; Had he insured his own life, with his natural children being named beneficiaries, would Lila, if she survived, be entitled to the proceeds of the policy under some nebulous theory of anticipatory agency, trusteeship or anticipatory nuptial involvement?.

Under the facts of this case we cannot conclude other than that Paul had an insurable interest, could have collected had he survived Lila, and his heirs, upon his death, were entitled to the proceeds.

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.

2. "Generally speaking, a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction. If he would sustain such loss, it is immaterial whether he has, or has not, any title in, or lien upon, or possession of, the property itself.

"* * * Any interest in property, legal or equitable, qualified, conditional, contingent, or absolute, or merely the right to use the property, with or without the payment of rent, is sufficient."